UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-873-FDW
(3:04-cr-130-FDW-DSC-1)

| | |
|---|---|
| JAMIEO SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court denies and dismisses the petition.

I. BACKGROUND

Petitioner was originally sentenced in this Court on June 14, 2005, to three years of probation after pleading guilty to receiving, concealing, and retaining stolen government property and aiding and abetting, in violation of 18 U.S.C. §§ 614 and 2. (Crim. Case No. 3:14-cr-130-FDW-DSC-1, Doc. No. 68: Judgment). While Petitioner was still serving a term of probation, he pled guilty to state charges of second-degree murder, and he also tested positive for marijuana use. See (Id., Doc. No. 155 at 4-5: Transcript of Revocation Hearing). On September 1, 2015, Petitioner was arrested based on charges that he had violated the terms of his probation. (Id., Docket Entry dated September 1, 2015). Petitioner subsequently admitted guilt to violating the terms of his probation by committing a new law violation (the second-degree murder), and drug use. (Id. Doc. 155 at 4-5). Petitioner faced an advisory guidelines sentence of 24 to 30

1

months' imprisonment. (Id. at 8).

Before sentencing, the probation office recommended an upward departure to the statutory maximum sentence of 120 months' imprisonment following revocation of Petitioner's probation. (Id., Doc. No. 140: Sealed Sentencing Mem.). At sentencing, the Government sought an upward departure to six years, followed by three years of supervised release. (Id., Doc. No. 155 at 31). On November 12, 2015, this Court revoked Petitioner's probation and sentenced him to 48 months of imprisonment, plus three years of supervised release. (Id., Doc. No. 147: Judgment on Revocation Proceedings). Petitioner appealed, arguing that the 48-month sentence was substantively unreasonable. The Fourth Circuit Court of Appeals upheld Petitioner's sentence on appeal, finding that the sentence was not substantively unreasonable. United States v. Simpson, 651 Fed. Appx. 197, 198-99 (4th Cir. 2016).

Petitioner placed the instant motion to vacate in the prison mail system on December 20, 2016, and it was stamp-filed in this Court on December 28, 2016. As his first claim in the motion to vacate, Petitioner contends that his sentence of 48 months and three years of supervised release following the revocation of his probation "was above the statutory maximum as ascribed by U.S.S.G. Section 7B1.4 where for a criminal history category of IV, and a Grade A(1) violation, his sentencing range is 24-30 months." (Doc. No. 1 at 18). As to his second claim, in which Petitioner purports to bring a Tenth Amendment violation claim, he states that "because the federal constitution left local criminal activity primarily to the states, then the government through the U.S Attorney and the probation dept. took action in excess of the authority that federalism defines by seeking to upward depart on the probation guidelines and punish the petitioner for a crime he was punished for adequately in the state court." (Id. at 19-20).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  After having considered the record in this matter, the Court finds that no response is necessary from the United States.  Further, the Court finds that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

As to his first claim in this Section 2255, Petitioner contends that his sentence of 48 months and three years of supervised release following the revocation of his probation "was above the statutory maximum as ascribed by U.S.S.G. Section 7B1.4 where for a criminal history category of IV, and a Grade A(1) violation, his sentencing range is 24-30 months."   This claim of sentencing guidelines error is dismissed, as it is not a cognizable claim under Section 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935-36 (4th Cir. 2015).  Moreover, Petitioner raised the substance of this claim on direct appeal, and the Fourth Circuit rejected it, stating:

> Simpson contends that his 48-month revocation sentence is substantively unreasonable because the district court punished him for his violative behavior in committing second-degree murder rather than for his breach of trust in violating the terms of his probation.  In Simpson's view, there was no justifiable reason that existed to support the imposition of an upward departure from the advisory policy statement range of 24 to 30 months' imprisonment, and his sentence is greater than necessary to achieve the purposes of sentencing in his case.  The nature and circumstances of Simpson's violative conduct in committing the murder and the murder's place in Simpson's criminal history, however, were matters properly considered by the district court in imposing the 48-month sentence.  See 18 U.S.C. §§ 3553(a)(1), 3565(a).  Additionally, contrary to Simpson's assertion, the record makes clear that the district court imposed the 48-month term in light of these matters and the need for the sentence to sanction Simpson's breach of trust, as it was permitted to do.  See U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction

3

> primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Further, in light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), and the deferential posture this court takes in reviewing the imposition of a revocation sentence, Padgett, 788 F.3d at 373, we refuse to substitute our judgment for the district court's that the 48-month sentence achieved the purposes of sentencing in Simpson's case. See United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole). We therefore conclude that the revocation sentence is not substantively unreasonable and affirm the district court's judgment.

United States v. Simpson, 651 Fed. Appx. 197, 198-99 (4th Cir. 2016). Thus, even if Petitioner's first claim were cognizable on review under Section 2255, the Fourth Circuit has already addressed and rejected the substance of his claim. Thus, he is barred from raising his claim in this Section 2255 action. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding that a petitioner may not re-litigate claims decided on direct appeal "under the guise of [a] collateral attack").

As to his second claim, Petitioner purports to bring a Tenth Amendment violation claim, he states that "because the federal constitution left local criminal activity primarily to the states, then the government through the U.S Attorney and the probation dept. took action in excess of the authority that federalism defines by seeking to upward depart on the probation guidelines and punish the petitioner for a crime he was punished for adequately in the state court." (Doc. No. 1 at 20). Petitioner's purported Tenth Amendment claim is dismissed as frivolous.

### IV.   CONCLUSION

For the reasons stated herein, Petitioner's § 2225 petition is denied and dismissed.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 petition, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: January 27, 2017

Frank D. Whitney
Chief United States District Judge